[Cite as *State v. Lake*, 2023-Ohio-3191.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-22-1273
                                                                                 L-22-1274
          Appellee                                                          L-22-1275
                                                                                 L-22-1276

                                                      Trial Court No.  CR0202101142
                                                                              CR0202101278
                                                                              CR0202101797
v.                                                                        CR0202101800

Trey Lake                                        **DECISION AND JUDGMENT**

          Appellant                              Decided:  September 8, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SULEK, J.**

## I.  Introduction

{¶ 1} In this consolidated appeal, appellant, Trey Lake, appeals from four

judgments of the Lucas County Court of Common Pleas sentencing him to an aggregate

minimum prison term of 64 years, with an indefinite term of life in prison, following his convictions for two counts of murder, two counts of attempted murder, related firearm specifications, and participating in a criminal gang. For the following reasons, the trial court's judgment is affirmed.

## A. Facts and Procedural Background

{¶ 2} Between October 26, 2020, and June 3, 2021, the Lucas County Grand Jury entered eight different indictments against Lake, charging him with a total of two counts of aggravated murder, two counts of murder, two counts of attempted murder, three counts of felonious assault, three counts of aggravated robbery, four counts of having a weapon under disability, two counts of carrying concealed weapons, one count of tampering with evidence, and one count of participating in a criminal gang, along with various firearm and gang-participation specifications.

{¶ 3} The state subsequently filed a motion for joinder of all cases pending against Lake for trial, asserting that the facts underlying each case arose from an "eight month crime spree" involving Lake's possession of guns, gun violence, and gang participation. The state maintained that Lake would not suffer prejudice as a result of the cases being joined for trial because all evidence related to the common scheme of gang participation and intimidation would be admissible in each of the underlying cases.

{¶ 4} In response to the state's motion, Lake filed a motion for relief from prejudicial joinder pursuant to Crim.R. 14, arguing that he would suffer prejudice if the

2.

cases were joined for trial because the volume of evidence presented to the jury would lead it to convict him for being a "bad person" rather than considering each offense on its own merits. Further, he argued that joining the cases for trial would result in the improper admission of Evid.R. 404(B) "other acts" evidence.

{¶ 5} On February 25, 2022, the trial court denied Lake's motion for relief from prejudicial joinder and granted the state's motion for joinder.

{¶ 6} Thereafter, pursuant to a plea agreement, Lake entered an *Alford* plea to:

1. In case No. CR20211142, one count of attempted murder in violation of R.C. 2923.02, 2903.02(A), and 2929.02, a felony of the first degree, with an attendant firearm specification under R.C. 2941.145;

2. In case No. CR20211278, one count of attempted murder in violation of R.C. 2923.02, 2903.02(A), and 2929.02, a felony of the first degree, with an attendant firearm specification under R.C. 2941.145;

3. In case No. CR20211797, one count of murder in violation of R.C. 2903.02(A) and 2929.02, an unclassified felony, with an attendant firearm specification under R.C. 2941.145 and a gang-participation specification under R.C. 2941.142; and

4. In case No. CR20211800, one count of murder in violation of R.C. 2903.02(B) and 2929.02, an unclassified felony, with an attendant firearm specification under R.C. 2941.145.

3.

{¶ 7} In exchange for his plea, the state agreed to dismiss the remaining charges in case Nos. CR20211142, CR20211278, CR20211797, and CR20211800, and to dismiss all of the charges in case Nos. CR20202354, CR20202473, CR20211105, and CR20211212.

{¶ 8} At the plea hearing, the state informed the trial court that the evidence at trial would have shown that Lake committed the attempted murder in case No. CR20211142 on December 1, 2020, when he shot the driver of the vehicle in which he was traveling. Lake then fled the vehicle which proceeded to crash into a concrete wall. The victim survived the shooting but was permanently disabled.

{¶ 9} Lake committed the attempted murder in case No. CR20211278 on January 5, 2021, when he shot the victim in the back as he attempted to flee. The victim had arranged to purchase a firearm from Lake. When the victim arrived for the exchange, Lake instructed the victim to enter a vehicle. Upon doing so, Lake and another individual robbed the victim at gunpoint. The victim escaped from the vehicle and Lake shot him as he ran across the street. Lake and the other individual then fled in the vehicle and were seen speeding down a city street.

{¶ 10} Lake committed the murder identified in case No. CR20211797 on August 13, 2020, when he shot and killed the brother of a rival gang member. Lake then attended the victim's funeral in disguise and placed videos of himself at the funeral, as well as videos of him rapping about the murder, on social media. The evidence in that

4.

case also would have shown that Lake was a member of a gang and engaged in gang activities, including various other crimes, in support of the gang participation offense.

{¶ 11} Lastly, the murder in case No. CR20211800 was the result of Lake's participation in an altercation on November 1, 2020, at an after-hours bar located in Toledo, Ohio. Following a fight among two patrons, security at the bar ordered everyone to leave. One patron went to his vehicle, retrieved a firearm, and reentered the bar. When he returned inside, Lake immediately shot and killed the other patron. Lake then robbed the victim before exiting the premises.

{¶ 12} Lake did not object to the state's recitation of facts. The trial court then accepted Lake's *Alford* plea and set the matter for sentencing on October 5, 2022.

{¶ 13} As to the two counts of attempted murder, the trial court imposed separate indefinite prison terms of eleven to sixteen-and-one-half years, along with the mandatory consecutive three-year prison terms for the firearm specifications. For the two counts of murder, the trial court imposed separate indefinite prison terms of fifteen years to life, along with the mandatory consecutive three-year prison terms for the firearm specifications and a concurrent indefinite prison term of eight to twelve years for the gang-participation specification. With the exception of the gang-participation specification, the trial court ordered all of the prison terms to be served consecutively for a total aggregate sentence of sixty-four years to life.

5.

**{¶ 14}** In imposing consecutive sentences, the trial court found that consecutive sentences were necessary to protect the public from future crime and to punish Lake, that consecutive sentences were not disproportionate to the seriousness of Lake's conduct and the danger he poses to the public, and that Lake committed one or more of the offenses while he was awaiting trial and the harm caused by Lake's conduct was so great or unusual that no single prison term adequately reflects the seriousness of his conduct.

**{¶ 15}** The trial court memorialized its judgment entries reflecting the convictions on October 5, 2022. On November 30, 2022, this court granted Lake's motion for leave to file delayed appeals in case Nos. CR20211142, CR20211278, CR20211797, and CR20211800 and ordered that all four appeals be consolidated.

## B. Assignments of Error

**{¶ 16}** In this consolidated appeal, Lake asserts the following errors for our review:

> 1. The trial court abused its discretion by denying Appellant's Motion for Relief from Prejudicial Joinder, pursuant to Crim.R. 14;

> 2. The trial court abused its use of consecutive sentences by imposing a 52-year (minimum) sentence which is disproportionate to the harm caused in this matter.[1]

---

[1] Lake's calculation of the minimum aggregate prison term excludes the three-year prison terms for the related gun specifications in each case. Those three-year terms are served consecutive to the minimum prison term pursuant to R.C. 2929.14(C)(1)(a), resulting in an aggregate 64-year minimum prison term.

6.

## II. Law and Analysis

### 1. Lake waived his challenge to the trial court's denial of his motion for relief from prejudicial joinder by entering his guilty plea.

{¶ 17} In his first assignment of error, Lake argues that the trial court erred in denying his Crim.R. 14 motion for relief from prejudicial joinder. Specifically, he argues that his motion, seeking severance of the eight cases pending against him for trial, was improperly denied because a trial on all eight joined offenses would have resulted in the admission of "other acts" evidence unrelated to any offense individually. The resulting prejudice, he argues, would have prevented him from receiving a fair trial. We do not address the merits of Lake's argument, however, because he waived his challenge to the trial court's alleged error by entering a guilty plea.

{¶ 18} Following negotiations with the state, Lake entered an *Alford* plea to five counts in four of the cases pending against him. "An *Alford* plea is procedurally indistinguishable from a guilty plea in that it severely limits the errors which may be claimed on appeal." *State v. Drzayich*, 2016-Ohio-1398, 62 N.E.3d 850, ¶ 13 (6th Dist.). "Once a guilty plea is offered and accepted and judgment is rendered on the basis of that guilty plea, the ability to challenge the judgment on appeal is limited to issues involving the subject matter jurisdiction of the court which accepted the plea, and the extent to which the plea was made knowingly, voluntarily, and intelligently." *Id.* at 12. Thus, a guilty plea results in the waiver of the right to challenge the denial of a motion for relief from prejudicial joinder. *State v. Wolfe,* 6th Dist. Wood No. WD-14-022, 2015-Ohio-

564, ¶ 15; *see also State v. Blackmon*, 6th Dist. Lucas No. L-19-1036, 2020-Ohio-2857, ¶ 12 (holding that an *Alford* plea resulted in the waiver of claim that the trial court committed plain error when it failed to rule upon or dismiss the state's motion for joinder).

{¶ 19} Here, Lake entered an *Alford* plea to five counts arising from indictments in four separate cases. On appeal, Lake contends that the trial court erred by denying his pretrial motion for relief from prejudicial joinder of all eight cases for a single trial. By entering an *Alford* plea, however, Lake waived his right to challenge the trial court's denial of his Crim.R. 14 motion. Lake's first assignment of error is not well-taken.

**2. The trial court's imposition of consecutive sentences is not contrary to law.**

{¶ 20} In his second assignment of error, Lake argues that the trial court's imposition of consecutive sentences was not supported by the record because the aggregate prison term imposed was disproportionate to the harm caused by Lake's conduct. Felony sentences are reviewed pursuant to R.C. 2953.08(G)(2), which states:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

8.

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 21} In *State v. Gwynn,* 2022-Ohio-4607, --N.E.3d--, the Ohio Supreme Court held that the legislature's use of the clear and convincing evidence standard showed that it "did not intend for appellate courts to defer to a trial court's findings but to act as a second fact-finder in reviewing the trial court's order of consecutive sentences." *Id.* at ¶ 20. Therefore, we review the trial court's findings under R.C. 2929.14(C)(4) de novo. *State v. Johnson,* 2023-Ohio-2008, -- N.E.3d. --*,* ¶ 29 (6th Dist.).

{¶ 22} R.C. 2929.14(C)(4) provides that a trial court may impose consecutive sentences on an offender if it finds "that the consecutive service is necessary to protect the public from future crime or to punish the offender," "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that one of the following circumstances exists:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

9.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 23} When imposing consecutive sentences, "[t]he trial court must engage in the correct analysis, state its statutory findings during the sentencing hearing, and incorporate those findings into its sentencing entry." *State v. Gregory*, 2023-Ohio-331, 208 N.E.3d 166, ¶ 110 (6th Dist.), citing *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 253; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. "[W]hen a sentencing court makes the statutory findings under R.C. 2929.14(C)(4) for consecutive sentences, it must consider the number of sentences that it will impose consecutively along with the defendant's aggregate sentence that will result." *State v. Gwynne*, —— Ohio St.3d ——, 2022-Ohio-4607, —— N.E.3d ——, ¶ 12.

{¶ 24} "[U]pon a de novo review of the record, an appellate court may reverse or modify a defendant's consecutive sentences—including the number of consecutive sentences imposed—when it clearly and convincingly finds that the record does not

support the trial court's findings." *Id.*; R.C. 2953.08(G)(2)(a). "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.* at ¶ 19, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 25} Here, the trial court made all three findings required under R.C. 2929.14(C)(4) when it imposed consecutive sentences. Lake does not dispute this conclusion. That threshold requirement being satisfied, it is necessary to determine whether the record supports the trial court's findings.

{¶ 26} As to the first required finding—that consecutive sentences are necessary to protect the public from future crime or to punish the offender—the state provided a factual narrative underlying Lake's guilty plea that reflects both his continued involvement in gang activities and his commission of egregious, violent offenses in public settings. These facts support the trial court's finding of the need to protect the public from Lake's commission of future crimes and the need to punish him for his prior conduct.

{¶ 27} As to the second required finding—that consecutive sentences are not disproportionate to the seriousness of Lake's conduct and the danger he poses to the public—Lake committed two murders, two attempted murders, and participated in a

11.

criminal gang, all while brandishing firearms in the commission of those offenses. Each murder conviction, on its own, carries a 15-years to life indefinite prison term. In imposing sentence, the trial court stated that Lake has "no regard for human life" and could not be "described as anything less than a cold-blooded killer." Lake committed two murders and two attempted murders in public settings without any regard for the public's safety. Further, he expressed no remorse for at least one of the murders as he attended the victim's funeral and rapped about the murder on social media. Based on these facts, the record shows that the imposition of consecutive sentences was not disproportionate to the seriousness of Lake's conduct and the danger he poses to the public.

{¶ 28} Lastly, the trial court held that consecutive sentences were appropriate because Lake was awaiting trial at the time the offenses were committed, as described in R.C. 2929.14(C)(4)(a), and because the harm caused was so great or unusual that so single prison term adequately reflected the seriousness of his conduct, as described in R.C. 2929.14(C)(4)(b). While the trial court made two of the R.C. 2929.14(C)(4)(a)-(c) "subsection" findings necessary to impose consecutive sentences, the trial court was only obligated to make one such finding. *Gwynne* at ¶ 21. Further, only one of the subsection findings must be supported in order for this court to find that the imposition of consecutive sentences was proper. *See State v. Kendall,* 6th Dist. Williams No. WM-19-024, 2021-Ohio-1551, ¶ 99 (limiting analysis to review of the trial court's finding under

12.

R.C. 2929.14(C)(4)(c) despite the trial court having also made consecutive sentence findings under R.C. 2929.14(C)(4)(a) and (b)).

{¶ 29} R.C. 2929.14(C)(4)(a) permits the imposition of consecutive sentences when "[t]he offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing[.]"  This is a "more-or-less ministerial finding" that only requires confirmation that the offender was indeed awaiting trial or sentencing when they committed one or more of the offenses on which consecutive sentences were imposed. *Gwynne* at ¶ 15, fn. 2.

{¶ 30} The record in this matter supports the trial court's finding that Lake committed one or more of the offenses on which he was convicted while he was awaiting trial.  Lake was indicted in Lucas County Court of Common Pleas Case no. CR202102354 on one count of carrying concealed weapons on October 26, 2020.  His conduct underlying his convictions in Lucas County Court of Common Pleas Case nos. CR202101142, CR202101278, and CR202101800 all occurred while he was awaiting trial in Case no. CR202102354.[2]  As a result, the record supports the trial court's finding that Lake committed one or more of the offenses upon which consecutive sentences were imposed while he was awaiting trial.

{¶ 31} In sum, the record supports the trial court's findings under R.C. 2929.14(C)(4).  Lake makes no reference to the record, nor could we identify any portion

---

[2] The conduct underlying the charges in these cases occurred on December 1, 2020, January 5, 2021, and November 1, 2020, respectively.

13.

of the record, that would clearly and convincingly show otherwise. Thus, the trial court did not err in imposing consecutive sentences.

### III. Conclusion

{¶ 32} Based on the foregoing, Lake's assignments of error are not well-taken. The October 5, 2022 judgment of the Lucas County Court of Common Pleas is affirmed. Lake is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.