**The STATE of Ohio, Appellee,**

v.

**YENSER, Appellant.**

[Cite as *State v. Yenser,* 176 Ohio App.3d 1, 2008-Ohio-1145.]

Court of Appeals of Ohio,
Third District, Mercer County.

No. 10–07–19.

Decided March 17, 2008.

Andrew J. Hinders, Mercer County Prosecuting Attorney, and Matthew K. Fox, Assistant Prosecuting Attorney, for appellee.

James A. Tesno, for appellant.

WILLAMOWSKI, Judge.

{¶ 1} Defendant-appellant Scott Yenser brings this appeal from the judgment of the Court of Common Pleas of Mercer County. For the reasons stated below, the judgment is affirmed in part and reversed in part.

{¶ 2} On April 23, 2007, Yenser and his estranged wife met at his apartment to discuss the terms of the pending dissolution of the marriage. The discussion dissolved into an argument concerning the wife's new relationship with another man. The argument eventually moved into the bedroom, where Yenser took a handful of pills and asked his wife for sex. The state claims that the victim refused, but Yenser forced her to engage in anal sex with him. Yenser then called various people and told them about taking the pills and his behavior. After the wife cleaned up, she went with Yenser to his parents' home next door for him to say goodbye to his children. No one was home, but the wife was able to call for assistance. Eventually, the police and the emergency medical technicians arrived on the scene and worked to save Yenser's life. The wife then left the scene with her sister and returned to her sister's residence, where the police were called and the rape sexual assault was reported. The call was made less than one hour after the initial call to 911 was made. The wife was taken to Van Wert Hospital, and an examination was completed on her. During the exam, fresh bruising and swelling was noted on the wife's legs and arms, she had a split lip, and there were tears and swelling in the perineum.

{¶ 3} On May 17, 2007, Yenser was indicted on one count of rape in violation of R.C. 2907.02(A)(2) and one count of domestic violence in violation of R.C. 2919.25(A). A jury trial was held from July 11 to July 13, 2007. On July 13, 2007, the jury returned verdicts of guilty for both counts. Sentencing was held on August 20, 2007. The trial court ordered Yenser to serve five years in prison on the rape conviction and six months in prison for the domestic violence conviction, with the sentences to be served concurrently. Yenser appeals from these judgments and raises the following assignments of error.

### First Assignment of Error

The trial court erred in prohibiting [Yenser] from submitting relevant testimony of past sexual activity between [Yenser] and his wife at the trial in this matter.

**4**

### Second Assignment of Error

The trial court erred in failing to give a jury instruction that the rape shield law prohibited the introduction of testimony of the past sexual activity between [Yenser] and his wife.

### Third Assignment of Error

The trial court erred in refusing to allow [Yenser] to present mitigating statements of individuals at sentence.

### Fourth Assignment of Error

The trial court erred in failing to impose appropriate sanctions against the State for ex-parte communications/pleadings during the pendency of the matter.

{¶ 4} In the first assignment of error, Yenser claims that the trial court erred by prohibiting him from submitting relevant testimony concerning the previous sexual activity between Yenser and the victim. The trial court prohibited the introduction of the evidence pursuant to R.C. 2907.02(D), commonly referred to as the "rape shield" law.

> Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves .evidence of the origin of semen, pregnancy, or disease, *the defendant's past sexual activity with the victim*, or is admissible against the defendant under [R.C. 2945.59], and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

(Emphasis added.) R.C. 2907.02(D). Although evidence of past sexual history of the victim is generally excluded, the defendant's past sexual history with the victim is admissible if it is material to a fact at issue and is not inflammatory or overly prejudicial. Id. The Ohio Supreme Court has addressed the question of the materiality of the victim's past sexual activity with the accused in *State v. Graham* (1979), 58 Ohio St.2d 350, 12 O.O.3d 317, 390 N.E.2d 805. In *Graham*, the Ohio Supreme Court held that the past history of sexual activity between the defendant and the victim is not a material issue of fact unless the defense of consent is raised. See also *State v. Thompson* (1981), 66 Ohio St.2d 496, 20 O.O.3d 411, 422 N.E.2d 855 (holding that if consent is not an issue in dispute, the prior history between the victim and the defendant is not material). Where the defense of consent is raised, the materiality and relevance of prior, consensual sexual acts between the victim and the defendant may be admissible. See *State v. Goins* (Apr. 15, 1981), Hamilton App. No. C–800261, 1981 WL 9730. The court,

in determining whether prior acts should be admitted, must balance the interests of the victim, which the statute is designed to protect, and the defendant's right to confront and cross-examine the state's witnesses. *State v. Williams* (1986), 21 Ohio St.3d 33, 21 OBR 320, 487 N.E.2d 560. If the evidence in question is merely being used to impeach the victim's credibility, it is not of probative value as to the alleged rape itself and should not be admitted. Id. However, if the evidence has probative value to the determinative issue of fact—i.e., whether the victim was raped by the defendant on the date alleged—then the probative value of the testimony outweighs any interest the state has in exclusion. Id. at 36, 21 OBR 320, 487 N.E.2d 560.

{¶ 5} Here, Yenser did not deny the sexual activity, but claimed that it was consensual. Thus, the sole issue before the jury was whether the victim consented to anal sex. The state requested a motion in limine on the issue of prior sexual activities between Yenser and the victim, and the trial court granted this motion. The proffer made by Yenser as to the testimony he wished to present was that he and the victim had previously engaged in anal sex. The state also presented argument that the actions of Yenser were done for the purpose of degrading the victim and that her injuries were caused by force. However, the jury was not permitted to hear any evidence that the parties had previously engaged in consensual anal sex or whether the injuries sustained in this instance were sustained then as well. If the same injuries resulted previously, then the defense would be able to argue that the injuries were not indications of rape, even though the state argued that they were indications of rape.

{¶ 6} Although the purposes behind the rape shield law are admirable, the protections afforded the victim and the state do not override the defendant's right to confront the victim. *Williams*, 21 Ohio St.3d 33, 21 OBR 320, 487 N.E.2d 560. The material issue of fact in this case was that of consent. The state claimed a lack of consent and introduced evidence indicating a lack of consent. Yenser proffered testimony that may have explained the physical evidence introduced by the state and buttressed his claim that the victim consented. "The proffered evidence was neither, given the nature of this case, inherently sensational nor of such revolting or disgusting character as to override reason and introduce the possibility of unfair prejudice." *Goins*, supra at *3. Permitting testimony of prior sexual activity between the victim and the defendant does not deprive the court of its discretion to reasonably limit the amount, character, and nature of the testimony to that which is material to the defense and relevant to the issues. Id. Thus, the evidence excluded was material and may have negated "the implied establishment of an element of the crime charged." *Williams*, 21 Ohio St.3d, at 36, 21 OBR 320, 487 N.E.2d 560. "For this reason, the probative

value of the testimony outweighs any interest the state has in exclusion." The first assignment of error is sustained.

{¶ 7} In the second and third assignments of error, Yenser claims that the trial court erred in denying his requested jury instruction and in refusing to allow his witnesses to testify at sentencing. Having found prejudicial error in the trial, these matters are moot and need not be addressed by this court.

{¶ 8} Finally, Yenser claims that the trial court erred in failing to dismiss the case due to the state's alleged ex parte communications with the trial court prior to trial. Specifically, Yenser claims that the state (1) applied for a search warrant of Yenser's body without notice to counsel and (2) applied ex parte for a subpoena for Yenser's medical records without notice to counsel for an alleged grand jury that was not seated at the time. This court interprets this assignment of error as claiming that Yenser was prejudiced by the state's actions, and thus the case should be dismissed. However, Yenser has not supplied any basis for believing that these actions were prejudicial to him or any authority for granting his request for dismissal.[1] Yenser also has not provided any evidence that the state's actions interfered with his ability to have a fair trial. Even if the state had not engaged in any allegedly improper acts,[2] the state could have properly obtained the evidence it requested. "[A]ny error will be deemed harmless if it did not affect the accused's 'substantial rights.'" *State v. Brown* (1992), 65 Ohio St.3d 483, 485, 605 N.E.2d 46. Without a showing of prejudice, this court must conclude that any error that may have occurred is harmless. Thus, the fourth assignment of error is overruled.

{¶ 9} The judgment of the Court of Common Pleas of Mercer County is affirmed in part and reversed in part.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

PRESTON and ROGERS, JJ., concur.

---

1. At oral argument, counsel admitted that although he believes the prosecutor acted overzealously, he had no idea what remedy besides dismissal would be appropriate. The prosecutor's response was that he had only acted zealously in his representation.

2. This court takes no position on whether the alleged acts were proper or improper, as we do not have a complete record before us concerning these matters.