[Cite as *State v. Blackmon*, 2020-Ohio-2857.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals No. L-19-1036

      Appellee                                    Trial Court No. CR0201801759

v.

Thomas Blackmon                                  **DECISION AND JUDGMENT**

      Appellant                                   Decided:  May 8, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**OSOWIK, J.**

**Introduction**

{¶ 1} Thomas Blackmon, the defendant-appellant herein, assaulted a fellow

inmate and was indicted on a charge of felony assault.  In a subsequent indictment, the

state added a charge for possessing a weapon while under detention.  It then filed a

motion to join the two cases. Blackmon did not object to joinder, and the trial court never entered an order with respect to the issue.

{¶ 2} Following his plea, pursuant to *North Carolina v. Alford,* Blackmon was convicted of assault, and the weapons charge was dismissed. On appeal, Blackmon alleges that he was prejudiced by the trial court's failure to rule on the state's motion for joinder or, alternatively, to dismiss the motion sua sponte. As set forth below, we affirm Blackmon's conviction and sentence.

**Background**

{¶ 3} On April 26, 2018, Blackmon was indicted on a single charge of felonious assault, in violation of R.C. 2903.11(A)(2) and (D), a second degree felony. (Lucas C.P. No. CR0201801759). On June 14, 2018, Blackmon was indicted for possession of a deadly weapon while under detention, in violation of R.C. 2923.131(B) and (C)(2)(b)(i). (Lucas C.P. No. CR0201802081). The indictments relate to the same incident, which the state alleges occurred on September 29, 2017, at the Toledo Correctional Institution, where Blackmon was incarcerated.

{¶ 4} According to the state, Blackmon attacked another prisoner with a makeshift knife. Surveillance video from the prison showed Blackmon "pop[ping] open his cell door" that had been manipulated earlier in the day to prevent the door from locking. Once out of his cell, Blackmon "chase[d] after" the victim and stabbed him with a piece of plexiglass that had been sharpened into the shape of a knife. The victim sustained three puncture wounds to his shoulder and lacerations to his scalp.

2.

{¶ 5} At a pretrial hearing on August 13, 2018, the state proposed an agreement whereby Blackmon would plead guilty to the felonious assault charge.  In exchange, the state would recommend a concurrent prison sentence and would not prosecute the weapons charge (which would require the imposition of a consecutive sentence). Blackmon rejected the offer.  At that time, the state asserted that, in an effort to "clean up the record" it would move to join the cases, pursuant to Crim.R. 8(A) which allows for joinder "if the offenses charged * * * are based on the same act."  The state filed the motion, under both case numbers, that same day.  Blackmon raised no objection.

{¶ 6} At a pretrial conference on September 11, 2018, the state offered to downgrade the assault charge, from a second to a fourth-degree felony, in addition to recommending a concurrent sentence and dismissing the weapons charge.  Blackmon rejected the offer.

{¶ 7} On November 1, 2018, the state filed a second motion for joinder under each case number.  Based upon our review, the November motions are nearly identical in substance to those filed in August.  Again, Blackmon did not object to the cases being consolidated.

{¶ 8} On February 12, 2019, as trial was about to begin, Blackmon agreed to plead guilty, pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).  An *Alford* plea is a "type of guilty plea in which a defendant pleads guilty while maintaining innocence."  *State v. Gonzalez,* 193 Ohio App.3d 385, 2011-Ohio-1542, 952 N.E.2d 1542, ¶ 59 (6th Dist.).  Under the terms of the agreement, Blackmon agreed to

3.

plead guilty to an amended charge of attempt to commit aggravated assault, in violation of R.C. 2903.12(A)(1) and (B), a felony of the fifth degree, in case No. CR0201801759. Pursuant to R.C. 2953.08(D)(1), the parties made a joint recommendation that Blackmon be sentenced to serve 11 months in prison, to be served concurrently. The state also agreed not to prosecute the weapons charge set forth in case No. CR0201802081. Following a colloquy with Blackmon and recitation of the facts alleged by the state, the court accepted Blackmon's plea, found him guilty and convicted him. By judgment entry dated February 13, 2019, the trial court sentenced Blackmon to serve 11 months in prison, to be served concurrently to his other sentence(s) for which he was currently incarcerated.

{¶ 9} Through appellate counsel, Blackmon appealed and raises two assignments of error for our review.

I. The trial court committed plain error when it failed to rule on Appellee's motion for joinder of offenses, when Appellant was indicted separately on two charges, when there were evidentiary issues concerning the second charge, and when both of the original charges were ultimately dismissed, such that the proposed joinder was arguably prejudicial.

II. In the alternative, the trial court erred by not dismissing the Motion for Joinder when it was filed more than thirty-five days after either arraignment, pursuant to Crim.R. 12(D), and thus was arguably not filed timely.

4.

{¶ 10} The parties agree that the trial court did not rule on the state's motions for joinder. Blackmon complains that "[t]he two cases simply proceeded along a parallel track, without a hearing or a ruling, arguably presenting the appearance of joinder, which was arguably prejudicial to appellant." In his first assignment of error, Blackmon claims that, without a ruling, he "did not know whether he would stand for [one or] two trials," which "negatively affected" his due process rights. In his second assignment of error, Blackmon claims that the trial court erred by failing to dismiss the state's motions, sua sponte. We address Blackmon's assignments of error together.

{¶ 11} A guilty plea constitutes a complete admission of guilt. Crim.R. 11(B). "[A] defendant who * * * voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." (Quotation omitted.) *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 117. A plea of guilty "effectively waives all appealable errors" at trial unrelated to the entry of the plea. *Id.,* citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1990), paragraph two of the syllabus. The Ohio Supreme Court has applied this principle to preclude challenges to rulings on various pretrial motions. *State v. Fitzpatrick,* 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 79. And, it applies in equal measure to *Alford* pleas. *See State v. Drzayich*, 6th Dist. Lucas L-15-1113, 2016-Ohio-1398, ¶ 12-13 (An *Alford* plea is "procedurally indistinguishable from a guilty plea in that it severely limits the errors which may be claimed on appeal.").

5.

{¶ 12} Blackmon does not challenge the voluntariness of his plea. We have reviewed the transcript from the February 12, 2019 plea hearing. It establishes that the trial court fully complied with Crim.R. 11(C) by ensuring that Blackmon was clearheaded and had not been forced into entering the plea, that he understood the effect of his guilty plea and the nature of the charge and the maximum penalties. The court informed Blackmon that by entering the plea he was giving up his constitutional right to a jury trial and the requirement that the charges against him be proven beyond a reasonable doubt, the right to call and confront witnesses, and the right against self-incrimination. Consistent with an *Alford* plea, the court also heard a factual basis surrounding the charges, from which it could determine that Blackmon's decision to plead guilty was reasonable, notwithstanding his protestation of innocence. Therefore, Blackmon's plea will not be considered to have been entered involuntarily, unintelligently, or unknowingly. Moreover, by pleading guilty, he waived his claim that the trial court committed plain error when it failed to rule upon or to dismiss the state's motion for joinder.

{¶ 13} Furthermore, even if Blackmon's claims were reviewable, there is no evidence to support his argument that plain error occurred in this case. Crim.R. 52(B) affords reviewing courts discretion to correct "[p]lain errors or defects affecting substantial rights," notwithstanding the accused's failure to raise those errors to the attention of the trial court. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. A reviewing court should notice plain error "with the utmost caution,

6.

under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. To establish plain error, Blackmon would have needed to show that the trial court's error affected the outcome of his case. *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶ 78. But, Blackmon has not argued, much less shown, that the result of his case would have been different if the trial court had ruled on the state's motion for joinder. As the state argues, Blackmon received an "excellent deal," in that the state downgraded the assault charge from a second to a fifth-degree felony, for which he received no additional prison time, and it dismissed the weapons charge entirely. In addition, based upon our review of the 14 transcripts in this case, while Blackmon clearly expressed a number of concerns—including his need for a private investigator, subpoenaing witnesses, and the need to replace his court appointed counsel (which he was allowed to do twice)—he never expressed a concern about "procedural uncertainty" as a result of not knowing "whether he would stand for [one trial or] two."

{¶ 14} Blackmon also failed to show plain error over the trial court's failure to dismiss the state's motions. Blackmon claims that the motions were untimely under Crim.R. 12(D), which requires that most motions "be made within thirty-five days after arraignment or seven days before trial, whichever is earlier." First, the rule explicitly allows a trial court to extend that time "in the interest of justice." Second, we fail to see how Blackmon was prejudiced by the motions, when he had over three months between their November 1, 2018 filing and his February 13, 2019 trial date. *See, e.g., State v.*

7.

*Bennett*, 9th Dist. Lorain No. 12CA010286, 2014-Ohio-160, ¶ 18-19 (No abuse of discretion in granting untimely-filed motion to consolidate where the defendant "still had almost four months after the cases were consolidated to prepare for trial."). We reject Blackmon's claims of "arguabl[e] prejudice" in this case.

## Conclusion

{¶ 15} Blackmon's entry of a plea precludes his claims that the trial court committed plain error in failing to rule upon, and to dismiss, the state's motions for joinder. Accordingly, Blackmon's assignments of error are not well-taken, and the February 13, 2019 judgment of the Lucas County Court of Common Pleas is affirmed. Blackmon is ordered to pay the costs of the appeal pursuant to App.R. 24

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                     JUDGE

Arlene Singer, J.            

Thomas J. Osowik, J.         _____
CONCUR.                                                   JUDGE

_____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.