[Cite as *State v. Treece*, 2025-Ohio-4319.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

BRANDON TREECE,

    DEFENDANT-APPELLANT.

CASE NO. 5-23-42

OPINION AND
JUDGMENT ENTRY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

BRANDON TREECE,

    DEFENDANT-APPELLANT.

CASE NO. 5-23-43

OPINION AND
JUDGMENT ENTRY

Appeals from Hancock County Common Pleas Court
Trial Court Nos. 2022-CR-00520 and 2023-CR-00058

**Judgments Affirmed**

**Date of Decision:  September 15, 2025**

APPEARANCES:

    *Lawrence A. Gold* for Appellant

    *Sean M. Abbott* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Brandon G. Treece ("Treece") appeals the judgments of the Hancock County Court of Common Pleas, arguing that the trial court erred in granting the State's motion to join the two criminal cases against him for trial. For the reasons set forth below, the judgments of the trial court are affirmed.

*Facts and Procedural History*

{¶2} A.K. was in a relationship with Treece and moved in with him in September of 2022. On November 18, 2022, A.K. came home from work at roughly 10:40 P.M. She testified that, when she arrived Treece got out of bed and began punching her repeatedly. A.K. testified that Treece then wrapped an extension cord around her neck and choked her until she lost consciousness.

{¶3} When she woke up on the floor, A.K. left the trailer and knocked on the door of a nearby house where Steve Kinn ("Kinn") lived. After speaking with A.K., Kinn called 9-1-1. Officer Ryan Hackworth ("Officer Hackworth") was dispatched to Kinn's house and made contact with A.K. The police then went to Treece's residence and arrested him.

{¶4} On November 29, 2022, Treece was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony, and one count

of attempted murder in violation of R.C. 2923.02(A) and R.C. 2903.02(A), a first-degree felony. These charges became the basis of Case No. 2022-CR-520.

{¶5} After she was released from the hospital, A.K. returned to Treece's residence to gather her belongings. As she was going through items, she examined the contents of a tablet that she located. In this process, she discovered a video of Treece performing sexual acts on her while she was asleep. The time stamp on the recording indicated that this video was taken on September 14, 2022. A.K. then turned the tablet over to the police. On January 4, 2023, Officer Hackworth conducted an interview with Treece about the video that was discovered by A.K.

{¶6} On February 8, 2023, Treece was charged with one count of sexual battery in violation of R.C. 2907.03(A)(3), a third-degree felony. This charge became the basis of Case No. 2023-CR-58.

{¶7} On April 7, 2023, the State filed a motion that requested Case No. 2022-CR-520 and Case No. 2023-CR-58 be joined together for trial. Further, the State indicated that, if the motion for joinder was denied, it would seek to use evidence from each of these cases in the trial of the other case pursuant to Evid.R. 404(B). After a hearing on May 25, 2023, the trial court granted the State's motion for joinder over Treece's objection.

{¶8} A trial on the charges in these two cases commenced on June 20, 2023. The jury found Treece guilty on the counts of felonious assault and sexual battery. However, Treece was acquitted of the charge of attempted murder. On September

13, 2023, the trial court issued a judgment entry of sentencing for each of these two cases.

*Assignment of Error*

{¶9} Treece filed his notices of appeal on September 21, 2023. On appeal, he raises the following assignment of error:

**The trial court abused its discretion and erred to the prejudice of Appellant by joining 2022 CR 00520 and 2023 CR 00058.**

*Legal Standard*

{¶10} Under Crim.R. 13, trial courts "may order two or more indictments . . . to be tried together, if the offenses . . . could have been joined in a single indictment." Crim.R. 13. In turn, "Crim.R. 8(A) provides the standards for determining whether separate offenses can be charged in the same indictment . . . ." *State v. Gordon*, 2018-Ohio-259, ¶ 18. Crim.R. 8(A) reads, in its relevant part, as follows:

> Two or more offenses may be charged in the same indictment . . . if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.

Crim.R. 8(A). As a general matter, "[t]he law favors joining multiple criminal offenses in a single trial." *State v. Franklin*, 62 Ohio St.3d 118, 122 (1991). "This is because joint trials 'conserve state funds, diminish inconvenience to witnesses

and public authorities, and avoid delays in bringing those accused of crime to trial.'" *Gordon* at ¶ 18, quoting *Bruton v. United States*, 391 U.S. 123, 134 (1968).

{¶11} However, "if it appears that a criminal defendant would be prejudiced by such joinder, then the trial court is required to order separate trials." *State v. Valentine*, 2019-Ohio-2243, ¶ 43 (5th Dist.). *See* Crim.R. 14. "A defendant claiming error based upon the trial court's refusal to allow separate trials has the burden of affirmatively showing that his rights were prejudiced." *State v. McBride*, 2011-Ohio-1490, ¶ 10 (10th Dist.).

{¶12} A defendant's claim of prejudice is negated when the evidence for the offenses subject to joinder is "simple and direct, so that a jury is capable of segregating the proof required for each offense." *State v. Shook*, 2014-Ohio-3987, ¶ 21 (3d Dist.), quoting *State v. Fletcher*, 2004-Ohio-4517, ¶ 41 (2d Dist.).

> Evidence is 'simple and direct' if (1) the jury is capable of readily separating the proof required for each offense, (2) the evidence is unlikely to confuse jurors, (3) the evidence is straightforward, and (4) there is little danger that the jury would 'improperly consider testimony on one offense as corroborative of the other.'

*State v. Gideon*, 2021-Ohio-1863, ¶ 9 (3d Dist.), quoting *Valentine*, 2019-Ohio-2243, at ¶ 47, quoting *State v. Wright*, 2017-Ohio-8702, ¶ 9 (4th Dist.).

{¶13} The simple and direct test is applied "to prevent the finder of fact from confusing the offenses." *State v. Varney*, 2008-Ohio-5283, ¶ 19 (4th Dist.). "Ohio appellate courts routinely find no prejudicial joinder where the evidence is presented in an orderly fashion as to the separate offenses or victims without significant

overlap or conflation of proof." *State v. Bradshaw*, 2023-Ohio-1244, ¶ 13 (3d Dist.), quoting *State v. Lewis*, 2010-Ohio-4202, ¶ 33 (6th Dist.).

*Standard of Review*

**{¶14}** A trial court's decision to join cases together for trial is usually reviewed under an abuse-of-discretion standard. *State v. Glaeser*, 2025-Ohio-2386, ¶ 28 (3d Dist.). "However, 'to properly preserve the issue of a trial court's joinder of indictments for appeal, the defendant must object to the joinder of indictments at the time of trial, *and* at the close of the state's case or at the close of evidence.'" (Emphasis added.) *State v. McLoyd*, 2023-Ohio-3971, ¶ 33 (8th Dist.), quoting *State v. Frazier*, 2019-Ohio-1433, ¶ 11 (8th Dist.), *reversed on other grounds*. *See also State v. Richard*, 2021-Ohio-2980, ¶ 54 (3d Dist.).

**{¶15}** The failure to renew the objection to joinder in the proper manner forfeits all but plain error on appeal. *State v. Wolfe*, 2025-Ohio-866, ¶ 41 (2d Dist.); *State v. Cunningham*, 2024-Ohio-2032, ¶ 40 (10th Dist.).

> For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right. . . . Under the plain error standard, the appellant must demonstrate that there is a reasonable probability that, but for the trial court's error, the outcome of the proceeding would have been otherwise.

*Bradshaw*, 2023-Ohio-1244, at ¶ 67. Plain error is recognized "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

*Legal Analysis*

**{¶16}** As the State notes in its brief, Treece did not renew his objection to the joinder of these cases at the close of evidence. For this reason, plain error review applies herein. *See State v. Mitchell*, 2025-Ohio-2772, ¶ 30 (8th Dist.). We begin by noting that the two incidents that gave rise to all three of the charges occurred during the course of Treece's relationship with A.K. *See State v. Wright*, 2018-Ohio-130, ¶ 2, 17 (6th Dist.).

**{¶17}** Further, the two incidents also occurred in the same location and involved the same victim. *See State v. Williams*, 2003-Ohio-6143, ¶ 42 (5th Dist.). While the investigation into the initial charges against Treece was still ongoing, A.K. discovered the video of him committing sexual battery. As a result, Officer Hackworth ended up participating in the investigation of both of these incidents and testifying at trial about this entire process.

**{¶18}** However, Treece argues on appeal that joinder of these cases was prejudicial. To support this argument, he points to the fact that an expert witness testified about some technical matters related to the video recording of him committing sexual battery in Case No. 23-CR-58. Treece asserts that the evidence presented at trial was not simple and direct because this expert did not testify about the charges in Case No. 22-CR-520 and was not a necessary witness in both cases.

**{¶19}** This Court has previously "held that evidence of multiple offenses is 'simple and direct' where, for example, the offenses involved different victims,

different incidents or factual scenarios, and *different witnesses*." (Emphasis added.) *State v. Rawlins*, 2024-Ohio-1733, ¶ 17 (3d Dist.). Thus, the fact that joined cases may require different witnesses does not, by itself, establish that evidence presented at trial is not simple and direct but may even suggest the opposite. *See State v. Dantzler*, 2015-Ohio-3641, ¶ 23 (10th Dist.).

**{¶20}** Turning to the charges that were tried together, we note that the types of crimes from these two cases were "wholly distinct and different from each other." *State v. Prade*, 139 Ohio App.3d 676, 687 (9th Dist. 2000). The primary evidence for the charge in Case No. 2023-CR-58 was a video recording of Treece committing the offense of sexual battery on September 14, 2022.

**{¶21}** In contrast, the charges in Case No. 2022-CR-520 involved evidence of A.K. being punched and strangled on the night of November 18, 2022. This included A.K.'s description of being assaulted; the testimony of the responding officers; pictures of the crime scene; and evidence of her physical injuries. Given the differences between the types of offenses in these two cases, the evidence presented at trial was not susceptible to conflation or confusion.

**{¶22}** Finally, the jury instructions directed the jurors "to consider each of the charges separately" and stated that a "decision on one [charge] does not impact . . . the others in any way." (Tr. 638). *See State v. York*, 2022-Ohio-1626, ¶ 35 (3d Dist.). In general, appellate courts presume that a jury followed the trial court's instructions. *Rawlins*, 2024-Ohio-1733, at ¶ 26. Nothing in the record leads us to

dispense with this presumption. In fact, the jurors returned a verdict of not guilty on the charge of attempted murder, suggesting "they were able to 'segregate the proof' for the various alleged offenses and draw separate conclusions for each of the different counts that were tried." *Glaeser*, 2025-Ohio-2386, at ¶ 31, quoting *Bradshaw*, 2023-Ohio-1244, at ¶ 15.

{¶23} Having examined the materials in the record, we conclude that the evidence presented at trial to substantiate the charges from these two cases was simple and direct. The argument raised by Treece on appeal fails to establish plain error. Accordingly, the sole assignment of error is overruled.

*Conclusion*

{¶24} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Hancock County Court of Common Pleas are affirmed.

***Judgments Affirmed***

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgments of the trial court are affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

John R. Willamowski, Judge

Juergen A. Waldick, Judge

William R. Zimmerman, Judge

DATED:
/hls