[Cite as *State v. Mason*, 2020-Ohio-3505.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO.  1-19-74

    v.

JONATHAN MASON,                      O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Allen County Common Pleas Court
Trial Court No. CR2019 0203

Judgment Affirmed

Date of Decision:   June 29, 2020


APPEARANCES:

    *Thomas J. Lucente, Jr.*  for Appellant

    *Jana E. Emerick* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Jonathan Mason ("Mason"), appeals the November 15, 2019 judgment entry of sentence of the Allen County Court of Common Pleas. We affirm.

{¶2} On May 16, 2019, the Allen County Grand Jury indicted Mason on five counts: Count One of trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(d), a second-degree felony; Counts Two, Three, and Four, trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(f), first-degree felonies; and Count Five of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(a), a fifth-degree felony. (Doc. No. 1). The indictment also included a forfeiture specification under R.C. 2941.1417(A) as to Counts Four and Five. (*Id.*). Mason appeared for arraignment on May 24, 2019 and entered pleas of not guilty. (Doc. No. 10).

{¶3} On June 13, 2019, Mason filed a motion to suppress the evidence discovered as the result of a search warrant and a motion to suppress the evidence obtained from a "warrantless recording of video by the confidential informant." (Doc. Nos. 24, 25). The State filed memoranda in opposition to Mason's motions to suppress evidence on August 6 and 7, 2019, respectively. (Doc. Nos. 29, 31). On

September 23, 2019, the trial court denied Mason's motion to suppress the evidence discovered as a result of the search warrant.[1] (Doc. No. 34).

{¶4} On September 30, 2019, Mason withdrew his pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to Counts One and Two, as amended, Counts Three and Four, and to the forfeiture specification as to Count Four of the indictment. (Doc. Nos. 36, 37). In exchange for his change of pleas, the State agreed to amend Counts One and Two to trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(d), third-degree felonies, and to dismiss Count Five. (*Id.*); (*Id.*). The trial court accepted Mason's guilty pleas, found him guilty, amended Counts One and Two, dismissed Count Five, and ordered a presentence investigation ("PSI"). (Doc. No. 37).

{¶5} On November 15, 2019, the trial court sentenced Mason to 24 months in prison on Counts One and Two, respectively, and 6 years in prison on Counts Three and Four, respectively. (Doc. No. 41). The trial court further ordered Mason to serve the sentences consecutively for an aggregate term of 16 years in prison. (*Id.*).

{¶6} On December 2, 2019, Mason filed a notice of appeal, and raises one assignment of error for our review. (Doc. No. 44).

---

[1] The trial court did not dispose of Mason's motion to suppress evidence obtained from the confidential informant's video recording.

**Assignment of Error**

**The trial court erred when it sentenced defendant to prison and ran the terms consecutive to each other.**

{¶7} In his assignment of error, Mason argues that the record does not support the trial court's imposition of consecutive sentences. Specifically, Mason argues that the record does not support the trial court's findings that consecutive sentences are necessary to protect the public or to punish him or that his conduct resulted in great or unusual harm are not supported by the record.

*Standard of Review*

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶9} "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of

this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the

sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶11} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶12} Mason concedes that the trial court made the three statutorily required findings before imposing the consecutive sentences and incorporated those findings into its sentencing entry. Specifically, at the sentencing hearing, the trial court said:

> The court's decided that [Mason] shall serve the prison terms consecutively, pursuant to 2929.14(C)(4), because the court finds that consecutive service [sic] is necessary to protect the public from future crime, as well as to punish the defendant and that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public.
>
> The court also finds that at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflects the seriousness of his conduct, again, because of the shear amount of drugs that were placed into this community by him.

(Nov. 14, 2019 Tr. at 21-22). The trial court incorporated its findings into its sentencing entry. (Doc. No. 41). Accordingly, the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences.

{¶13} However, Mason argues that the record does not support the findings that the trial court used to justify the imposition of consecutive sentences—that is, Mason argues that the trial court's imposition of consecutive sentences was improper because there is no evidence in the record that that consecutive sentences are necessary to protect the public or to punish him or that his conduct resulted in great or unusual harm. While a trial court is not required to state reasons in support of its R.C. 2929.14(C)(4) findings, an appellate court may take action if the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4). *See Bonnell* at ¶ 37. *See also* R.C 2953.08(G)(2)(a).

{¶14} With regard to his argument that the trial court's finding that consecutive sentences are necessary to protect the public or to punish him, Mason "erroneously contends that our review of the trial court's consecutive-sentence findings is guided by the R.C. 2929.12 sentencing factors." *State v. Nienberg*, 3d Dist. Putnam No. 12-16-15, 2017-Ohio-2920, ¶ 19, citing *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 9 ("The crux of his argument rests with the misplaced belief that appellate review of consecutive sentence findings is guided by the R.C. 2929.12(B)-(E) sentencing factors and that appellate courts must

consider the weight given to any one sentencing factor in reviewing whether the record supports the findings."). "Instead, 'our consecutive-sentencing review is limited to determining whether the record supports the findings actually made; it is not an invitation to determine or criticize how well the record supports the findings.'" *Id.*, quoting *Jones* at ¶ 16, citing *State v. Withrow*, 2d Dist. Clark No. 2015-CA-24, 2016-Ohio-2884, ¶ 37.

{¶15} Here, the record supports the trial court's finding that consecutive sentences are necessary to protect the public or to punish Mason. *Compare State v. Ray*, 8th Dist. Cuyahoga No. 107450, 2019-Ohio-1346, ¶ 37 (concluding that "[t]he trial court specifically found that consecutive sentences were necessary to protect the public from further drug dealing by Ray" following Ray's conviction for multiple drug-trafficking offenses). Specifically, the record reflects that Mason engaged in conduct involving four sales of cocaine (some of which conducted within the vicinity of an elementary school) in progressively larger amounts— namely, 11.17, 23.97, 33.73, and 37.33 grams of cocaine, respectively. (Nov. 14, 2019 Tr. at 3-4); (PSI). *See Nienberg* at ¶ 22, citing *State v. Ferguson*, 7th Dist. Jefferson No. 15 JE 0008, 2016-Ohio-8414, ¶ 25 ("Of greatest concern, the crimes, as described by the trial court and state, reveal an incalculable and escalating degree of danger to the general public.").

{¶16} Moreover, the record reflects that a "Cocaine press"—a tool "that people in the drug business use to compress their drugs"—was discovered in in Mason's residence ("in a room only accessible" to Mason) subsequent to the Allen County Sheriff Office SWAT team's execution of a search warrant at that location. (Nov. 14, 2019 Tr. at 5-6); (PSI). Mason "admitted to using the press to press out Cocaine for sale after cutting it, specifically telling investigators that he placed the Cocaine in plastic bags so there would not be Cocaine all over after he was done pressing it." (PSI). Accordingly, we conclude that the trial court's finding that consecutive sentences are necessary to protect the public or to punish Mason for selling cocaine to the community is supported by the record. *See State v. Williams*, 8th Dist. Cuyahoga No. 98934, 2013-Ohio-2201, ¶ 22 (concluding that the trial court's finding that consecutive sentences were necessary to protect the public or punish the offender was supported by the record because, in part, "[t]he offenses to which Williams pled guilty were part of a series of transactions in which Williams purchased, and/or facilitated others' purchases of, crack cocaine from another, higher level drug dealer").

{¶17} Next, Mason argues that the trial court erred in imposing consecutive sentences because the record does not support the trial court's conclusion under R.C. 2929.14(C)(4)(b) that the harm caused by two or more of the multiple offenses was so great and unusual that no single prison term adequately reflects the seriousness

of Mason's conduct. Specifically, Mason avers that the trial court's "fixat[ion] on the amount of cocaine sold—"the equivalent of a half-cup of sugar"—does not support a finding that his conduct resulted in great or unusual harm. (Appellant's Brief at 12). Rather, he contends that the record merely reflects that he, "in an effort to make some extra money, made four separate drugs sales on four separate dates, all to a confidential informant." (*Id.*). We disagree.

**{¶18}** Here, the harm from Mason's conduct stems from his intention to distribute drugs—namely, a significant amount of cocaine—to his community. *See State v. Waxler*, 6th Dist. Lucas No. L-16-1269, 2017-Ohio-7536, ¶ 16 (concluding that "that the harm stemming from Waxler's conduct centers on his intention to distribute drugs and firearms to his community"); *State v. Johnson*, 10th Dist. Franklin No. 16AP-860, 2017-Ohio-9286, ¶ 28 (concluding that the trial court's finding under R.C. 2929.14(C)(4)(b) was "based on the amount of heroin involved" from multiple transactions). Importantly, Mason's conduct was made more egregious since (as we noted above) some of the four sales were conducted in the proximity of an elementary school. *See Waxler* at ¶ 16 ("Further, appellant's conduct was made more egregious when one considers the proximity of the transactions to area schools.").

**{¶19}** Likewise, in addition to the "shear" amount of cocaine that Mason sold in the four transactions that are the subject of this case, the record reflects that those

four transactions were *not* isolated incidents. (*See* Nov. 14, 2019 Tr. at 22). Instead, the evidence in the record reveals that Mason was engaging in a sophisticated-drug operation. As we noted above, law enforcement discovered a cocaine press in a room that was accessible by only Mason subsequent to the SWAT team's execution of a search warrant at Mason's residence. Mason admitted to law enforcement that he used the cocaine press to re-package cocaine after "adding cut to the cocaine * * * to double whatever it was that he got" "and then distribute such to members of the community." (Nov. 14, 2019 Tr. at 6). Moreover, even though Mason's customers in the four transactions involved in this case turned out to be confidential informants, such does not diminish the great or unusual harm of Mason's conduct. *See Waxler* at ¶ 16 ("That his customer turned out to be a confidential information is irrelevant in this regard."). Thus, the trial court's finding under R.C. 2929.14(C)(4)(b) is supported by the record.

{¶20} For these reasons, we conclude that Mason's sentence is not unsupported by the record or contrary to law. Accordingly, his assignment of error is overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, P.J. and PRESTON, J., concur.**
**/jlr**

-11-