[Cite as *State v. Meeks*, 2026-Ohio-80.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,                                    CASE NO. 16-24-12

    PLAINTIFF-APPELLEE,

v.

MICHAEL DONNELL MEEKS,                            OPINION AND
                                                 JUDGMENT ENTRY
    DEFENDANT-APPELLANT.


STATE OF OHIO,                                    CASE NO. 16-24-13

    PLAINTIFF-APPELLEE,

v.

MICHAEL DONNELL MEEKS,                            OPINION AND
                                                 JUDGMENT ENTRY
    DEFENDANT-APPELLANT.


Appeals from Wyandot County Common Pleas Court
Trial Court Nos. 23-CR-0027 and 23-CR-0031

Judgment Affirmed in App. No. 16-24-12
Judgment Affirmed in Part, Reversed in Part and Cause
Remanded in App. No. 16-24-13

Date of Decision: January 12, 2026

Case Nos. 16-24-12, 13

APPEARANCES:

   *Erica J. Gordon* for Appellant

   *Andrea K. Boyd* for Appellee

ZIMMERMAN, P.J.

{¶1} Defendant-appellant, Michael Donnell Meeks ("Meeks"), appeals the December 2, 2024 judgment entries of sentencing of the Wyandot County Court of Common Pleas. For the reasons that follow, we affirm in part and reverse in part.

{¶2} On February 17, 2023, in Case No. 23-CR-0027, the Wyandot County Grand Jury indicted Meeks on a single count of rape in violation of R.C. 2907.02(A)(2), a first-degree felony. The offense was alleged to have been committed on February 5, 2023, to a 16-year-old victim.

{¶3} On March 8, 2023, in Case No. 23-CR-0031, the Wyandot County Grand Jury indicted Meeks on nine counts of rape in violation of R.C. 2907.02(A)(2), all first-degree felonies. The offenses were alleged to have been committed between June 7, 2017 and October 31, 2021, to an additional victim who was 14 years old at the time of the first incident of rape.

{¶4} On March 16, 2023, Meeks appeared for arraignment and entered pleas of not guilty in both cases.

{¶5} On March 24, 2023, the State filed a motion for joinder of the cases, which the trial court granted on April 13, 2023.

{¶6} The cases proceeded to a jury trial on October 1-3, 2024. On October 3, 2024, the jury found Meeks guilty of the single count of rape in Case No. 23-CR-0027, and guilty of all nine counts of rape in Case No. 23-CR-0031.

{¶7} On November 15, 2024, in Case No. 23-CR-0027, the trial court sentenced Meeks to a prison term of a minimum of nine years up to a maximum of 13.5 years, to run consecutively to the sentence in 23-CR-0031.[1]

{¶8} On that same day, in Case No. 23-CR-0031, the trial court sentenced Meeks to a prison term on each of the nine counts of rape.[2] Initially, the trial court sentenced Meeks as follows:

> It is the sentence of the law and the Judgment of this Court, that [Meeks] be sentenced as follows: Count One – to a prison term of a minimum of nine (9) years; Count Two – to a prison term of a minimum of eight (8) years; Count Three – to a prison term of a minimum of eight (8) years; Count Four – to a prison term of a minimum of eight (8) years; Count Five – to a prison term of a minimum of eight (8) years; Count Six – to a prison term of a minimum of eight (8) years; Count Seven – to a prison term of a minimum of eight (8) years; Count Eight – to a prison term of a minimum of eight (8) years; Count Nine – to a prison term of a minimum of eight (8) years; all counts shall be served consecutively to one another, and shall be served in the custody of the Director of the Ohio Department of Corrections and Rehabilitation. Therefore, the minimum term is seventy-three (73) years to a maximum term not to exceed seventy-seven and one-half (77.5) years. Further, this sentence shall run consecutive to the sentence in Case No. 23-CR-0027.
>
> The Court found Count One in Case No. 23-CR-0031 to be the most serious felony offense. The victim was fourteen (14) at the time,

---

[1] The trial court filed its judgment entry of sentencing in Case No. 23-CR-0027 on December 2, 2024.
[2] The trial court filed its judgment entry of sentencing in Case No. 23-CR-0031 on December 2, 2024.

Case Nos. 16-24-12, 13

therefore, the maximum sentence will be determined by the most serious offense, which was Count One in Case No. 23-CR-0031, and [Meeks] is sentenced to a total minimum prison term of seventy-three (73) years to a maximum prison term of seventy-seven and one-half (77.5) years.

(Doc. No. 31). After being advised that the rape offense in Count One was committed in 2017, the trial court sentenced Meeks as follows:

The Court came back on the record and noted that Counsel had approached the Court and pointed out that Count One of this case was committed in 2017, which was prior to the Reagan Tokes Act coming into effect. Therefore, the Re[a]gan Tokes Act is not retroactive to that offense and the Court cannot impose an indefinite prison sentence in that matter. [Meeks] is receiving the same sentence as previously imposed and the Court will impose a prison sentence of nine (9) years as to Count One; eight (8) years as to Count Two; eight (8) years as to Count Three; eight (8) years as to Count Four; eight (8) years as to Count Five; eight (8) years as to Count Six; eight (8) years as to Count Seven; eight (8) years as to Count Eight, and as to Count Nine – the Court makes a finding that Count Nine is the worst offense that was committed by [Meeks] and the most serious felony offense. The Court, in making that finding and reflecting back to the testimony presented at trial, finds [Meeks] physically assaulted the victim, tied her up to a chair and raped her. Therefore, the Court will use that to determine [Meeks's] maximum sentence. Therefore, [Meeks's] minimum prison sentence is seventy-three (73) years to a maximum of seventy-seven (77) years. Again, this case shall run consecutive to Case No. 23-CR-0027 for the reasons previously explained by the Court for Case No. 23-CR-0027.

(*Id.*).

{¶9} On December 20, 2024, Meeks filed a notice of appeal in both cases.[3] He raises three assignments of error for our review.

---

[3] For purposes of appeal, Case No. 23-CR-0027 is designated as App. No. 16-24-12, and Case No. 23-CR-0031 is designated as App. No. 16-24-13.

**First Assignment of Error**

**The Trial Court Committed Prejudicial Error In Allowing The State Of Ohio To Recall A Witness For Identification Purposes Thus Allowing the State To Supplement The Witness'[s] Testimony After Failing To Have Her Identify The Defendant.**

{¶10} In his first assignment of error, Meeks argues that the trial court abused its discretion by allowing the State to recall a witness to give additional testimony. In particular, Meeks asserts that "[t]he trial court should have denied the state's request to recall the witness for purposes of identification." (Appellant's Brief at 9).

*Standard of Review*

{¶11} Evid.R. 611(A) provides that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting of evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment and undue embarrassment."

{¶12} "Whether to permit a witness to be recalled to the stand to give additional testimony is a matter committed to the sound discretion of the trial court." *State v. Barry,* 2013-Ohio-2380, ¶ 59 (3d Dist.). An abuse of discretion suggests that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Analysis*

{¶13} In this case, the State called A.K. to testify as its second witness on the first day of trial. A.K. is the victim of the nine counts of rape in Case No. 23-CR-0031. A.K. testified that Meeks is her half brother and that they share the same father. A.K. explained that she stayed with Meeks for a period of time while their father was incarcerated. A.K. testified that the first incident of rape occurred on June 7, 2017, when she was 14 years old. A.K. described Meeks getting into her bed in the early morning hours, telling her to shut up, putting a hand over her mouth, and then inserting his penis into her vagina. When asked, "How did you know that it was [Meeks]?" (Oct. 1, 2024 Tr. at 157). A.K. responded, "I know him. I know his voice. I mean, I could see him, you know, there's no one else in the room, I could see him." (*Id.*). A.K. continued to describe each of the remaining eight incidents of rape.

{¶14} After A.K. was cross-examined by Meeks's trial counsel, the State conducted a brief redirect. The trial court then recessed for the evening. The next morning, before calling its next witness, the State requested permission to recall A.K. for the limited purpose of identifying Meeks in the courtroom. Meeks's trial counsel objected, arguing that the State should not be allowed to supplement the record with additional testimony from A.K. The trial court allowed the State to recall A.K., noting that A.K. had already identified Meeks by name and familial

relationship. When A.K. was recalled to testify, she identified Meeks in the courtroom as the person who committed the acts she testified to the day before.

{¶15} Based on the court's inherent authority to regulate witnesses called, we conclude that the trial court did not abuse its discretion by allowing the State to recall A.K. for the limited purpose of identification. *See Barry,* 2013-Ohio-2380, at ¶ 64; Evid.R. 611(A). The record before us shows that, at the time A.K. was recalled to testify, neither side had rested. Moreover, upon questioning, no objections were made to any of the questions asked by the State and Meeks's trial counsel declined to cross-examine A.K.

{¶16} Accordingly, Meeks's first assignment of error is overruled.

**Second Assignment of Error**

**The Verdict Is Against The Manifest Weight Of The Evidence.**

{¶17} In his second assignment of error, Meeks argues that his rape conviction in Count Three of Case No. 23-CR-0031 is against the manifest weight of the evidence. Specifically, Meeks argues that "[t]he jury lost its way in convicting [him] on Count [T]hree regarding the November 2018 incident as there was no evidence demonstrating use of force by Meeks." (Appellant's Brief at 11).

*Standard of Review*

{¶18} In determining whether a verdict is against the manifest weight of the evidence, a reviewing court sits as a "thirteenth juror" and examines the conflicting testimony. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). A reviewing court

must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). Nonetheless, a reviewing court must allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967).

{¶19} When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 2012-Ohio-5233, ¶ 9 (3d Dist.), quoting *State v. Hunter*, 2011-Ohio-6524, ¶ 119.

*Analysis*

{¶20} In Case No. 23-CR-0031, Meeks was convicted of nine counts of rape in violation of R.C. 2907.02(A)(2), which provides, in relevant part, that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." R.C. 2907.02(A)(2). "Sexual conduct" is defined to mean

> vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the

vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

R.C. 2907.01(A). The term "force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1).

{¶21} The jury heard testimony from A.K. that the rape alleged in Count Three of Case No. 23-CR-0031 was committed by Meeks in November 2018. A.K. testified that she was 15 years old at the time and helping Meeks and his girlfriend take care of their newborn twins. At approximately ten o'clock at night, Meeks's girlfriend went upstairs to bed and A.K. stayed downstairs with the twins. Shortly thereafter, Meeks came downstairs and told A.K. to go out to the porch. "And on the porch that's where he - - where he inserted his penis into my vagina again." (Oct. 1, 2024 Tr. at 165). When asked to explain what happened, A.K. testified that Meeks "grabbed me" and "used his hands to bend me over." (*Id.* at 165-166). A.K. further testified that Meeks "slid my pants off and inserted his penis into my vagina." (*Id.* at 165).

{¶22} Meeks testified in his own defense at trial. Meeks denied ever sexually assaulting A.K. and stated that "those incidents never happened." (Oct. 3, 2024 Tr. at 520). Meeks testified that A.K. was trying to get him in trouble because her boyfriend was a drug dealer and Meeks threatened to "turn him in" and "bring down the whole enterprise." (*Id.* at 519).

{¶23} In considering the evidence, "the jury was free to believe or disbelieve all, part, or none of the testimony of the witnesses presented at trial." *State v. Erickson*, 2015-Ohio-2086, ¶ 42 (12th Dist.). Indeed, it was well within the province of the jury to find the testimony of the State's witnesses more credible than that of the defense witnesses. *See State v. Rawlins*, 2024-Ohio-1733, ¶ 35 (3d Dist.) (stating that a verdict is not against the manifest weight of the evidence because the jury chose to believe the State's witnesses rather than the defendant's version of events). Moreover, it was within the jury's prerogative to find A.K.'s testimony regarding the rape incident in Count Three to be truthful—including the testimony that Meeks exerted force to grab A.K. and bend her over while he sexually assaulted her. Therefore, we conclude that the jury did not clearly lose its way and create such a manifest miscarriage of justice that Meeks's rape conviction in Count Three of Case No. 23-CR-0031 must be reversed and a new trial ordered.

{¶24} Accordingly, Meeks's second assignment of error is overruled.

**Third Assignment of Error**

**The Trial Court Erred In Imposing Consecutive Sentences On Each Count As The Findings Were Unsupported By The Record And Thus Contrary To Law.**

{¶25} In his third assignment of error, Meeks argues that the trial court erred by imposing consecutive sentences. According to Meeks, "the court made some findings regarding the imposition of consecutive sentences, but the record does not

support the sentencing court's findings under division (C)(4) of section 2929.14 and the sentence is contrary to law." (Appellant's Brief at 12).

*Standard of Review*

**{¶26}** Under R.C. 2953.08(G)(2), an appellate court may vacate or modify a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. When reviewing the imposition of consecutive sentences, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶27}** "Except as provided in . . . division (C) of section 2929.14, . . . a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). In pertinent part, R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶28} Thus, when imposing consecutive sentences, R.C. 2929.14(C)(4) requires the trial court to make specific findings on the record. *State v. Hites*, 2012-Ohio-1892, ¶ 11 (3d Dist.). "Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies." *State v. Runyon*, 2024-Ohio-5039, ¶ 23 (3d Dist.). Further, the trial court must state the required findings at the sentencing hearing and incorporate those findings into its sentencing entry.

-12-

*Runyon* at ¶ 24. The trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Bonnell,* 2014-Ohio-3177, ¶ 37.

{¶29} In this case, the trial court made the required consecutive-sentence findings at the sentencing hearing. In particular, at Meeks's sentencing hearing, the trial court found that (1) "consecutive sentences are necessary to protect the public from future crime or to punish [Meeks]"; (2) "consecutive sentences are not disproportionate to the seriousness of [Meeks's] conduct and the danger [he] poses to the public"; and (3)

> at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of [Meeks's] conduct.

(Nov. 15, 2024 Tr. at 21-22). *See* R.C. 2929.14(C)(4)(b). The trial court further found that Meeks's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by [him]." (*Id.* at 22). *See* R.C. 2929.14(C)(4)(c). The trial court then incorporated these findings into its sentencing entries in Case Nos. 23-CR-0027 and 23-CR-0031.

{¶30} "While a trial court is not required to state reasons in support of its R.C. 2929.14(C)(4) findings, an appellate court may take action if the record clearly

and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4)." *State v. Mason*, 2020-Ohio-3505, ¶ 13 (3d Dist.). *See also Gwynne*, 2023-Ohio-3851, at ¶ 5. Thus, "'our consecutive-sentencing review is limited to determining whether the record supports the findings actually made; it is not an invitation to determine or criticize how well the record supports the findings.'" *State v. Nienberg*, 2017-Ohio-2920, ¶ 19 (3d Dist.), quoting *State v. Jones*, 2016-Ohio-8145, ¶ 16 (8th Dist.).

**{¶31}** Here, the record supports the trial court's consecutive-sentence findings. Specifically, the record shows that the rape offenses were committed against juvenile victims; that Meeks used his relationship with the victims to facilitate the offenses; and that the harm caused by Meeks's conduct was significant. The 16-year-old victim in Case No. 23-CR-0027 was hired by Meeks to babysit his four-year-old twins. The victim stayed at Meeks's home on the weekends to care for the twins. Meeks engaged in grooming behavior by showing the victim attention and buying her gifts. On the date of the offense, Meeks provided the victim with marijuana and forced sexual conduct on her. Similarly, the victim in Case No. 23-CR-0031 stayed at Meeks's home for a period of time and occasionally assisted in the care of his twins. The victim in Case No. 23-CR-0031 is Meeks's half sister and was 14 years old at the time Meeks first forced sexual conduct on her. Meeks continued to sexually assault the victim over a period of several years. Meeks admitted to harassing and threatening the victim after she moved to another state to

get away from him. The record shows that Meeks has a history of criminal convictions and has previously served prison time.

**{¶32}** Based on the foregoing, we conclude that the trial court's consecutive-sentence findings are supported by the record. However, a review of the sentencing entry in Case No. 23-CR-0031 reveals that the sentence imposed by the trial court is unclear. Initially, the trial court imposed *indefinite* prison terms as to all nine counts—with the maximum term being determined by the nine-year sentence imposed for Count One. Then, after being advised that at least one of the nine counts of rape was committed prior to the enactment of the Reagan Tokes Law, it appears that the trial court imposed *definite* prison terms as to all nine counts—while creating an indefinite aggregate sentence with the maximum term being determined by the eight-year sentence imposed for Count Nine.[4]

**{¶33}** The rape offenses in Counts One, Two, and Three were committed prior to the enactment of the Reagan Tokes Law.[5] Under R.C. 2929.14(A)(1)(b), "[f]or a felony of the first degree committed prior to March 22, 2019, the prison term shall be a *definite* prison term of three, four, five, six, seven, eight, nine, ten, or eleven years." (Emphasis added.) *Compare* R.C. 2929.14(A)(1)(a) (stating that

---

[4] The Reagan Tokes Law took effect on March 22, 2019. *See* 2018 Am.Sub.S.B. No. 201.
[5] The rape offense in Count One was committed on June 7, 2017. The rape offense in Count Two was committed on June 8, 2017. The rape offense in Count Three was committed in November 2018.

an indefinite prison term shall be imposed for a first-degree-felony offense committed on or after March 22, 2019).

**{¶34}** Accordingly, we vacate the judgment entry of sentencing in Case No. 23-CR-0031 and remand the matter to the trial court for resentencing. On resentencing, the trial court is instructed to impose a *definite* prison term for each rape offense committed prior to March 22, 2019 (being Counts One, Two, and Three). *See* R.C. 2929.14(A)(1)(b). Further, the trial court is instructed to impose an *indefinite* prison term for each rape offense committed on or after March 22, 2019 (being Counts Four, Five, Six, Seven, Eight, and Nine) and determine the maximum term by using the most serious felony being sentenced. *See* R.C. 2929.14(A)(1)(a).

**{¶35}** Having found error prejudicial to the appellant herein in Case No. 23-CR-0031, we vacate Meeks's sentence in Case No. 23-CR-0031 and remand to the trial court for resentencing consistent with this opinion. In all other respects, the trial court's judgments in Case Nos. 23-CR-0027 and 23-CR-0031 are affirmed.

*Judgment Affirmed in*
*App. No. 16-24-12*

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*
*in App. No. 16-24-13*

**MILLER and WILLAMOWSKI, J.J., concur.**

Case Nos. 16-24-12, 13

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, it is the judgment and order of this Court that the judgment of the trial court in App. No. 16-24-12 is affirmed with costs assessed to Appellant for which judgment is hereby rendered.

Furthermore, it is the judgment and order of this Court that the judgment of the trial court in App. No. 16-24-13 is affirmed in part and reversed in part with costs assessed equally between Appellant and Appellee for which judgment is hereby rendered. These actions are hereby remanded to the trial court for further proceedings in App. No. 16-24-13, trial court Case No. 23-CR-0031, and for execution of the judgment for costs as to both cases.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

William R. Zimmerman, Judge

Mark C. Miller, Judge

John R. Willamowski, Judge

DATED:

-17-