[Cite as *State v. Myers*, 2026-Ohio-769.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

CORY THOMAS MYERS,

    DEFENDANT-APPELLANT.

CASE NO. 16-25-09

OPINION AND
JUDGMENT ENTRY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

CORY THOMAS MYERS,

    DEFENDANT-APPELLANT.

CASE NO. 16-25-10

OPINION AND
JUDGMENT ENTRY

Appeals from Wyandot County Common Pleas Court
Trial Court Nos. 24-CR-0064 and 25-CR-0004

**Judgments Affirmed**

Date of Decision:  March 9, 2026

APPEARANCES:

    *Erica J. Gordon* **for Appellant**

    *Eric J. Figlewicz* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Cory Thomas Myers ("Myers"), appeals the May 15, 2025 judgment entries of sentencing of the Wyandot County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On or about July 9, 2024, Myers had sexual contact with a four-year-old child after watching pornography on his phone with the child and plying the child with marijuana.

{¶3} On October 9, 2024, in Case No. 24-CR-0064, the Wyandot County Grand Jury indicted Myers on Count One of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony, and Count Two of endangering children in violation of R.C. 2919.22(A), a misdemeanor of the first degree. Myers appeared for arraignment on November 22, 2024 and entered pleas of not guilty.

{¶4} On January 8, 2025, in Case No. 25-CR-0004, the Wyandot County Grand Jury indicted Myers on one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), a fourth-degree felony. Myers appeared for arraignment on February 11, 2025 and entered a plea of not guilty.

{¶5} A change-of-plea hearing was held on March 26, 2025. At the hearing, Myers withdrew his pleas of not guilty and entered pleas of no contest, under a negotiated-plea agreement, to Count One (gross sexual imposition) and Count Two

(endangering children) in Case No. 24-CR-0064, and one count of disseminating matter harmful to juveniles in Case No. 25-CR-0004. In exchange for Myers's pleas of no contest, the State agreed to recommend a prison sentence of 24 months on Count One (gross sexual imposition) in Case No. 24-CR-0064. In Case No. 25-CR-0004, the State agreed to recommend a prison sentence of 12 months on one count of disseminating matter harmful to juveniles, to be served concurrent with the prison term imposed in Case No. 24-CR-0064. The trial court conducted a Crim.R. 11 colloquy, accepted Myers's pleas of no contest, found him guilty, and ordered a presentence investigation ("PSI").

{¶6} A sentencing hearing was held on May 8, 2025. In Case No. 24-CR-0064, the trial court sentenced Myers to 54 months in prison on Count One (gross sexual imposition) and 150 days in jail on Count Two (endangering children), to be served concurrently.[1] In Case No. 25-CR-0004, the trial court sentenced Myers to 17 months in prison on one count of disseminating matter harmful to juveniles.[2] The trial court ordered that the sentence imposed in Case No. 25-CR-0004 be served consecutively to the prison term imposed in Case No. 24-CR-0064, for an aggregate term of 71 months in prison.

{¶7} On August 8, 2025, Myers filed a notice of appeal, along with a motion for leave to file delayed appeal, in each case. On August 29, 2025, we granted

---

[1] The trial court filed its judgment entry of sentencing in Case No. 24-CR-0064 on May 15, 2025.
[2] The trial court filed its judgment entry of sentencing in Case No. 25-CR-0004 on May 15, 2025.

Myers's motions for leave to file delayed appeal. On appeal, Myers raises a single assignment of error for our review.

**Assignment of Error**

**The Trial Court Erred In Imposing Consecutive Sentences On Each Count As The Findings Were Unsupported By The Record And Thus Contrary To Law.**

{¶8} In his sole assignment of error, Myers argues that the trial court erred by imposing consecutive sentences. Specifically, Myers contends that "the record does not support the sentencing court's findings under division (C)(4) of section 2929.14, and the sentence is contrary to law." (Appellant's Brief at 11).

*Standard of Review*

{¶9} Under R.C. 2953.08(G)(2), an appellate court may vacate or modify a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. When reviewing the imposition of consecutive sentences, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be

established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶10} "Except as provided in . . . division (C) of section 2929.14, . . . a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). In pertinent part, R.C. 2929.14(C)(4) provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶11}** Thus, when imposing consecutive sentences, R.C. 2929.14(C)(4) requires the trial court to make specific findings on the record. *State v. Hites*, 2012-Ohio-1892, ¶ 11 (3d Dist.). "Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies." *State v. Runyon*, 2024-Ohio-5039, ¶ 23 (3d Dist.). Further, the trial court must state the required findings at the sentencing hearing and incorporate those findings into its sentencing entry. *Runyon* at ¶ 24. The trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Bonnell,* 2014-Ohio-3177, ¶ 37.

**{¶12}** In this case, the trial court made the required consecutive-sentence findings at the sentencing hearing. In particular, at Myers's sentencing hearing, the trial court found that (1) "consecutive terms are necessary to protect the public from future crime or to punish [Myers]"; (2) "consecutive sentences are not disproportionate to the seriousness of [Myers's] conduct and to the danger [he] poses to the public"; and (3)

> at least two of the multiple offenses were committed as part of one or more courses of conduct[,] and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of [Myers's] conduct.

(May 8, 2025 Tr. at 23). *See* R.C. 2929.14(C)(4)(b). The trial court further found that Myers's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by [him]." (May 8, 2025 Tr. at 23). *See* R.C. 2929.14(C)(4)(c). The trial court also noted that "[Myers] was on supervision at the time that the offenses were committed" and that he "has served a prior prison sentence." (May 8, 2025 Tr. at 22). The trial court then incorporated these findings into its sentencing entries in Case Nos. 24-CR-0064 and 25-CR-0004.

{¶13} "While a trial court is not required to state reasons in support of its R.C. 2929.14(C)(4) findings, an appellate court may take action if the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4)." *State v. Mason*, 2020-Ohio-3505, ¶ 13 (3d Dist.). *See also Gwynne*, 2023-Ohio-3851, at ¶ 5. Thus, "'our consecutive-sentencing review is limited to determining whether the record supports the findings actually made; it is not an invitation to determine or criticize how well the record supports the findings.'" *State v. Nienberg*, 2017-Ohio-2920, ¶ 19 (3d Dist.), quoting *State v. Jones*, 2016-Ohio-8145, ¶ 16 (8th Dist.).

{¶14} Here, the record supports the trial court's consecutive-sentence findings. Specifically, the record shows that the offenses were committed against a

four-year-old child; Myers used his relationship with the child to facilitate the offenses; and the child suffered harm as a result of the offenses. Myers is the child's uncle and was trusted to care for the child. After the offenses were committed, the child was taken to the hospital by her parents and tested positive for THC. A SANE kit was prepared at the hospital and tested at BCI. Myers's DNA was found on the crotch and front panel of the child's underwear, and a Y-STR DNA profile consistent with Myers was found on the external swabs of the child's vagina. The trial court summarized the case as follows:

> [The] Court finds the facts of this case to be very troubling. The Defendant was entrusted to care for . . . a 4-year-old family member. Instead of protecting this child, the Defendant watched pornography on his phone with the child, introduced her to drugs by providing her with marijuana from a Vape Pen, and then he sexually assaulted her. The Defendant lied to law enforcement. Then when confronted with evidence from the case [the Defendant] attempted to explain his conduct through a series of unbelievable coincidences that were all strung together and anyone with any common sense would not believe them.

(May 5, 2025 Tr. at 21).

{¶15} Accordingly, after reviewing the record, we conclude that the trial court's consecutive-sentence findings are supported by the record and not contrary to law.

{¶16} Myers's sole assignment of error is overruled.

{¶17} Having found no error prejudicial to the appellant herein, we affirm the judgments of the trial court.

***Judgments Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

# JUDGMENT ENTRY

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgments of the trial court are affirmed with costs assessed to Appellant for which judgment is hereby rendered. The causes are hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
William R. Zimmerman, Judge


_____
Mark C. Miller, Judge


_____
John R. Willamowski, Judge

DATED:
/hls